THE STATE OF MISSOURI ex rel. W. G. DIKE, Relator, v. JOHN A. KINGSBURY et al., Respondents.

**Kansas City Court of Appeals, February 1, 1904.**

**DRAMSHOPS: Qualified Petitioners: Merchants: Taxpayers: Construction.** A licensed merchant doing business in a block is an assessed taxpaying citizen within the meaning of section 2993, Revised Statutes 1899, and is a qualified petitioner for the granting of dramshop license, and should be counted as against it if his name does not appear on such petition.

Original Proceeding in Mandamus.

WRIT DENIED.

*O. S. Barton* for relator.

(1)   The levying of a license tax upon merchants of the city is not an "annual assessment" of the city: "An assessment consists in the two processes of listing the persons, property, etc., to be taxed and of estimating the sums which are to be the guide to an apportionment of the tax between them." Cooley on Taxation, 351. There can be no apportioning and assessing of taxes on merchants' valuations. Revised Statutes, secs. 9130, 9280, 5941 and 5945. (2)   But even if the merchant's tax list constitutes a part of the annual statement of the city list made from statements filed on the first Monday in June, 1903, is not a part of the last previous annual assessment. (3)   Rules for interpretation require that in determining the meaning of a statute the condition of the law and of pertinent facts at the time of its passage should be taken into consideration. When section 2993 of the dramshop act was passed, merchants' licenses constituted no part of the annual assessment of the city.

State ex rel. Allen v. Railroad, 116 Mo. 15. And the Legislature has shown no intention of bringing them within the purview of the section. The city ordinance certainly has not done so and the amendment of the statutes regarding merchants' licenses was not intended to have such effect.

*R. M. Bagby* for defendants.

(1) Merchants' stock of goods, wares and merchandise, are now taxable in the same manner as other property and at same rate as real estate. Merchants are required to furnish statements to the assessor. The assessor is required to make tax book for such statements and to return same to the county board of equalization. Said board of equalization, as constituted in Revised Statutes 1899, sec. 9130, equalize said merchants' statements in the same manner as assessment of other property, real and personal. Revised Statutes 1899, sec. 8546. (2) The city of Fayette, by the terms of its ordinances, has the power to collect an *ad valorem* tax upon merchants' stocks in trade and at the same time impose a license tax on the pursuit as a condition to the right to carry on the pursuit. (Ordinances printed in agreed statement of facts, relator's brief.) City of Aurora v. McGannon, 138 Mo. 38. (3) The *ad valorem* tax which merchants pay is not a license or occupation tax, but a personal property tax. City of Aurora v. McGannon, 138 Mo. 46; State ex rel. v. Tracy, 94 Mo. 217; City of Kansas v. Johnson, 78 Mo. 661. It follows then that the taxes of Hancock & Campbell on their stock of goods due and payable on or defore November 1, 1903, was a personal property tax and not a license or occupation tax. (4) The statements filed by merchants with the assessor on the first Monday in June of the year 1903 and the levy of the *ad valorem* tax upon such statements, constituted the annual assessment of merchants' stocks of goods, wares and merchandise for the

year 1903. And being the last assessment just previous to the filing of relator's petition for a dramshop, it necessarily follows that it was the last previous annual assessment so far as these merchants are concerned, and the law (R. S. 1899, sec. 8546), requiring the sums of valuations of merchants' statements to be included in and made a part of the total valuation of property taxable for all purposes, it must follow that this assessment of Hancock & Campbell is a part of the last previous annual assessments of the city of Fayette.

BROADDUS, J.—The relator applied to the county court of Howard county during the November term, 1903, thereof for a license to keep a dramshop in what is known as the Opera House block in Fayette, a city of the fourth class. It is admitted that he is a proper person to receive a dramshop license and that he has complied with the law, provided his petition is subscribed to by the names of two-thirds of the assessed taxpaying citizens and guardians and minors owning real estate in said block as shown by the last previous annual assessment and vote of the city as required by section 2993, Revised Statutes 1899, under which he made his application. The petition is signed by the names of fifteen admitted, qualified signers. Seven admittedly qualified signers did not sign the petition. The defendants, composing the county court, not only counted the seven mentioned, but also counted W. A. Hancock and J. B. Campbell as qualified signers, and refused petitioner a license on the ground that he did not have the requisite two-thirds qualified signers as provided by the statute. It is agreed that if the two persons mentioned were improperly counted then the county court should have issued to petitioner a license, otherwise, the action of the court was proper.

It is conceded that the said Hancock and Campbell own a stock of merchandise in said block and their names appear upon the merchants' tax book of the city

of Fayette made from statements filed on the first Monday in June, 1903, for the highest amount of goods on hands between the first Monday in March and the first Monday in June, 1903, but their names do not appear in statements filed on the first Monday of June, 1902. And that the merchants' tax book of the city is made from a certified copy of the lists obtained from the county clerk after such lists had been filed with the county treasurer and passed upon by the county board of equalization.

The relator contends that the said Hancock and Campbell were not assessed taxpayers.

Chapter 129, Revised Statutes 1899, provides that merchants shall be licensed and prohibits them from doing business as such until they have obtained a license therefor, and in order to obtain such license they must give bond with approved security for the payment on the first day of November, next thereafter, to the collector of the county, of all taxes which may then be due from them for the twelve months ending on the first day of November, next, upon his license as such merchant. Section 8542 provides that merchants shall pay an *ad valorem* tax equal to that which is levied upon real estate, on the highest amount of all goods which they may have on hand at any time between the first Monday in March and the first Monday in June, in each year. The ordinances of the city have a similar provision. Section 8 thereof provides that, "'the *ad valorem* tax equal to that which is levied upon real estate on the amount of goods on which merchants shall be required to pay shall be ascertained from the sworn statements filed in the office of the clerk of the county court of Howard county.'" And it is made the duty of the city clerk, "to procure a list of all the names of the merchants of the city from said clerk together with the amount of the stock as shown by the statements and enter the same on a merchants' tax book and extend the same upon the calculation as shown by his statement at

the rate per cent fixed by the board of aldermen on real and personal property.''

Section 8546 of the statutes requires each merchant on the first Monday of June of each year, as stated, to furnish to the assessor of the county a statement of the highest amount of merchandise he may have had on hand at any one time between the first Monday of March and the first Monday of June, next preceding, which statement the assessor is required to enter in a book kept for the purpose and that said book shall be returned by the assessor to the county board of equalization on the first Monday in September in each year for the purpose of equalizing the valuation of merchants' statements. Section 8542 fixes the rate of taxation as equal to that which is levied upon real estate.

Thus, we see merchants are assessed, their assessments are equalized and their taxes are levied. And that is not all, for in order to do business as such merchants they are required to give bond to pay the taxes. It is true that the method pursued in the assessment of their goods and the levying of their taxes is different from that pursued in the imposition of taxation upon other property, but the result is the same.

In the present case, under an ordinance of the city, the city clerk procured from the office of the county clerk the sworn statements of merchants on file in his office entered there on a merchants' tax book and extended the same upon a calculation as shown by his statement of the rate per cent fixed by the board of aldermen on real and personal property. And the assessment so made was the last previous annual assessment, so it seems, that they were in any sense of the term assessed taxpayers within the meaning of section 2993, Revised Statutes. And the fact that merchants' license date from the first day of June of each year and continue for twelve months and that the taxes are not paid until the next year can not affect the question of assessment. The assessments are made in September

of each year, at which time the assessed become tax-payers within the meaning of the law. It seems plain that said Hancock and Campbell were assessed tax-payers at the date of petitioner's application as shown by the last previous assessment. Therefore, counting them with the seven admitted to be qualified signers the petitioner did not have the required two-thirds qual-ified signers as required by the statute.

Peremptory writ denied. All concur.